# LAVELY & SINGER
### PROFESSIONAL CORPORATION
### ATTORNEYS AT LAW
SUITE 2400
2049 CENTURY PARK EAST
LOS ANGELES, CALIFORNIA 90067-2906
TELEPHONE (310) 556-3501
FACSIMILE (310) 556-3615
www.LAVELYSINGER.com

JOHN H. LAVELY, JR.
MARTIN D. SINGER
BRIAN G. WOLF
LYNDA B. GOLDMAN
MICHAEL D. HOLTZ
PAUL N. SORRELL
MICHAEL E. WEINSTEN
EVAN N. SPIEGEL

TODD S. EAGAN △
ANDREW B. BRETTLER *
DAVID B. JONELIS
ZEV F. RABEN △
JONATHAN M. KLEIN

ALLISON S. HART
HENRY L. SELF, III
OF COUNSEL

△ ALSO ADMITTED IN NY
* ALSO ADMITTED IN NY AND NJ

March 3, 2015

**VIA ECF**

Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

Re: *MCSquared PR, Inc. v. Sharon Stone, et ano.*, No. 15-cv-00961-RRM-CLP
Request for Pre-Motion Conference
Our File No. 4013-39

Dear Judge Mauskopf:

We represent defendant Sharon Stone in the above-referenced action.  Pursuant to Rule III.A.2 of the Court's Individual Rules, we are writing to request a pre-motion conference in anticipation of filing a motion to compel arbitration, as provided for in the Federal Arbitration Act.  9 U.S.C. § 4.

This dispute is subject to arbitration pursuant to the written agreement between and among the parties in this action.  There is a written contract governing Ms. Stone's agreement to appear in Ecuador.  Along with Ms. Stone and defendant American Program Bureau, Inc. ("APB"), plaintiff MCSquared PR, Inc. ("MCS") is also a signatory to this agreement, yet MCS failed to even mention its existence in the Complaint.  The reason MCS did not attach the agreement to its Complaint—or even refer to it—is because it expressly requires that all disputes concerning Ms. Stone's agreement to appear in Ecuador be resolved by arbitration in Massachusetts.

The March 26, 2014 Revised Speaker Contract (the "Speaker Contract") covers all aspects of Ms. Stone's speaking engagement in Ecuador.  The Speaker Contract is governed by Massachusetts law and expressly provides:  "*Any controversies arising out of the terms of this Contract or its interpretation . . . shall be settled in accordance with the rules of the American Arbitration Association*" ("AAA") in the Commonwealth of Massachusetts.  (Speaker Contract ¶¶ 26, 30 (emphasis added).)  As the Chief Executive Officer of MCS, Maria del Carmen Garay signed the Speaker Contract on behalf of her company, providing, among other things, that MCS would indemnify Ms. Stone and hold her harmless from and against any and all claims arising

Hon. Roslynn R. Mauskopf
March 3, 2015
Re:  *MCSquared PR, Inc. v. Stone*
Page 2

___

from or in connection with her speaking services under the contract.  (Speaker Contract ¶ 12 & Ex. A.)  As a signatory to the Speaker Contract, MCS is bound by the arbitration provision contained therein.  *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1745 (2011) ("courts must place arbitration agreements on an equal footing with other contracts . . . and enforce them according to their terms").  Even if MCS had not signed the Speaker Contract, it would still be bound by the arbitration provision because MCS was an intended beneficiary of the agreement.  *See Borsack v. Chalk & Vermilion Fine Arts, Ltd.*, 974 F. Supp. 293, 300 (S.D.N.Y. 1997) (finding the intended beneficiary of an agreement can be compelled to abide by the arbitration provision contained in the agreement).

   The Court should compel this matter to arbitration, pursuant to the express provision in the Speaker Contract, because each of the claims MCS asserts in its Complaint arise from Ms. Stone's agreement to speak in Ecuador.  *JLM Indus., Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 169 (2d Cir. 2004); *Duafala v. Globecomm Sys. Inc.*, No. 13-cv-4944, 2015 WL 502233, at *3 (E.D.N.Y. Feb. 5, 2015).  Under the parties' Speaker Contract, an arbitrator must decide whether Ms. Stone was discharged from performing her obligations under the agreement as a result of MCS's material breach of contract.  Prior to Ms. Stone traveling to Ecuador, MCS, acting as the public relations arm for the Republic of Ecuador, issued a press release asserting that the purpose of Ms. Stone's expected trip was to support the Ecuadorian government's "Dirty Hand of Chevron" campaign.  At no time did Ms. Stone agree to support this campaign, advance any other political agenda of the Ecuadorian government, or advocate against Chevron.  In addition, Ms. Stone subsequently learned that MCS failed to disclose that it was conducting public relations activities in the United States on behalf of the Republic of Ecuador in violation of the Foreign Agents Registration Act, which requires a foreign agent to register with the U.S. Department of Justice.  22 U.S.C. § 612.  While Ms. Stone has viable defenses to the specious claims asserted in MCS's Complaint—as well as potential counterclaims against MCS—the AAA in Massachusetts is the appropriate forum in which to resolve this dispute.

   Finally, pursuant to Rule III.A.3 of the Court's Individual Rules, we respectfully request an extension of time for Ms. Stone to answer or otherwise move against the Complaint until the proposed motion to compel arbitration is filed.

   We look forward to the opportunity to discuss our intended motion in greater detail, and to answer any questions the Court may have about it, at the Court's earliest convenience.

               Respectfully submitted,

                 /s/
               ANDREW B. BRETTLER

cc: Rodrigo S. Da Silva, Esq. (*via* ECF)
   Martin D. Singer, Esq. (*pro hac vice* application forthcoming)