

March 3, 2015

**VIA ECF**

Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    ***MCSquared PR, Inc. v. Sharon Stone, et. al.***
              Case No. 15-CV-00961-RRM-CLP

Dear Judge Mauskopf:

      We write as counsel for MCSquared PR, Inc. ("MCS") in the above-referenced action. Pursuant to Rule III.A.2 and this Court's paperless order dated March 3, 2015, MCS hereby submits its response in opposition to defendant Sharon Stone's ("Stone") letter also dated March 3, 2015 requesting a pre-motion conference in anticipation of a motion to compel arbitration [ECF No. 6] (the "Motion").

      MCS is not aware of any fully executed written agreement between MCS, Stone and American Program Bureau, Inc. ("APB") containing an arbitration agreement to arbitrate this matter before the American Arbitration Association ("AAA"). As set forth in the MCS' Complaint, "*APB, MCS and Stone negotiated a formal written contract, but it was never fully executed as APB and Stone never executed the written contract*" [ECF No. 1 ¶ 15]. Moreover, the written agreement negotiated, but never entered to by the parties, was only among MCS and APB.

      MCS made it very clear to APB and Stone (through APB) that it would be filing a federal lawsuit in the State of New York concerning this matter in the weeks prior to the filing of the instant proceeding. MCS' position all along has been that there was no written contract executed between the parties, and neither APB nor Stone, offered to or produced a fully executed written contract to undersigned counsel. Notably and very tellingly, Stone failed to attach the purported fully executed written agreement as an exhibit to the Motion. As a result, it is premature to conduct a pre-motion hearing until a fully executed written agreement entered into by Stone and MCS is filed with the Court. For the same reasons, MCS also opposes Stone's request to extend

1001 BRICKELL BAY DRIVE, 9TH FLOOR
MIAMI, FLORIDA 33131

**TEL:** (305) 615 1434 **FAX:** (305) 615 1435 **CELL:** (917) 613 8799 **WEB:** WWW.RDASILVALAW.COM
**EMAIL:** RODRIGO@RDASILVALAW.COM

Honorable Roslynn R. Mauskopf
March 3, 2015
Page 2 of 2

her deadline to file an answer or other motion against the Complaint.

      Lastly, MCS addresses Stone's false and irrelevant representations of fact made to this Court.  First, MCS never issued a press release concerning Stone's trip to the Republic of Ecuador.  Second, MCS never issued any materials for dissemination in any way associating Stone with the "Dirty Hand of Chevron" campaign.  Third, even if MCS would have issued such press release (which it did not), MCS would have had the right to do as even the draft written agreement provided that MCS would promote the event, and the event itself, was the subject of a public relations campaign which by its very nature would have haven public.  Lastly, Stone and APB had actual knowledge that MCS acted as an agent of the Republic of Ecuador given that in fact APB arranged other speakers for MCS' public relations campaign implemented on behalf of the Republic of Ecuador.

      We remain available to discuss this matter with the Court in further detail if it deems appropriate to do so, but undersigned respectfully request that it will be allowed to appear telephonically.  For the reasons set out above, MCS respectfully request that the Court do not set a pre-motion conference nor extend Stone's deadline to answer or file a motion directed to the Complaint.

      Respectfully submitted,

      /s/ *Rodrigo S. Da Silva*
      Rodrigo S. Da Silva

cc: Counsel of Record (via ECF)