**LAVELY & SINGER**
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
SUITE 2400
2049 CENTURY PARK EAST
LOS ANGELES, CALIFORNIA 90067-2906
TELEPHONE (310) 556-3501
FACSIMILE (310) 556-3615
www.LAVELYSINGER.com

JOHN H. LAVELY, JR.
MARTIN D. SINGER
BRIAN G. WOLF
LYNDA B. GOLDMAN
MICHAEL D. HOLTZ
PAUL N. SORRELL
MICHAEL E. WEINSTEN
EVAN N. SPIEGEL

TODD S. EAGAN △
ANDREW B. BRETTLER *
DAVID B. JONELIS
ZEV F. RABEN △
JONATHAN M. KLEIN

ALLISON S. HART
HENRY L. SELF, III
OF COUNSEL

△ ALSO ADMITTED IN NY
* ALSO ADMITTED IN NY AND NJ

March 19, 2015

**VIA ECF**

Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

   Re: ***MCSquared PR, Inc. v. Sharon Stone, et ano.***, **No. 15-cv-00961-RRM-CLP**
     Our File No. 4013-39

Dear Judge Mauskopf:

  We represent defendant Sharon Stone in the above-referenced action and are writing in opposition to the Request for Certificate of Default filed by plaintiff MCSquared PR, Inc. ("MCS") earlier today. [ECF No. 13.] Frankly, it is outrageous that MCS would seek entry of default against Ms. Stone considering that she has appeared in the case through counsel and, within one week of being served with the Complaint, requested a pre-motion conference in advance of filing a proposed motion to compel arbitration.

  Pursuant this Court's Individual Rules, on March 3, 2015, the undersigned counsel requested a pre-motion conference and an extension of time to respond to the Complaint. [ECF No. 6.]  The Court ordered MCS to respond to the pre-motion letter, and indicated the Court "will further advise the parties as to whether a pre-motion conference is required." (Order, dated Mar. 3, 2015.)  MCS responded to the pre-motion letter on March 3, 2015. [ECF No. 7.]  The parties have not received any further directive from the Court.

  Because Ms. Stone began defending this action by promptly filing a request for a pre-motion conference, MCS's demand for entry of default is not only inappropriate, but also frivolous. *See Diallo v. City of New York*, No. 95 Civ. 5483 (DC), 1996 WL 288240, at *1 (S.D.N.Y. May 31, 1996) (denying plaintiff's motion for default judgment because defendants had requested a pre-motion conference); *see also Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 371 (S.D.N.Y. 2006) (holding that equitable tolling of deadline to file motion was appropriate when the court's individual practices required the submission of a pre-motion letter). *Diallo* is particularly instructive. In *Diallo*, the defendants filed a request for a pre-motion conference eight days before the deadline to answer or otherwise move with respect o the complaint. Before the court held the pre-motion conference, however, plaintiff sought entry of default judgment. In denying plaintiff's motion for default, the court noted that under its rules,

Hon. Roslynn R. Mauskopf
March 18, 2015
Re:  *MCSquared PR, Inc. v. Stone*
Page 2
_____

no motion could be filed without a pre-motion conference.  *Id.*  The court added, "*Obviously, defendants were not required to answer the complaint before I held the pre-motion conference.*"  *Id.* (emphasis added).

      In light of the fact that (i) this Court's Individual Rules require a moving party to request a pre-motion conference prior to filing a motion; (ii) Ms. Stone promptly complied with those Rules by filing a pre-motion letter on March 3; and (iii) the Court indicated it would "further advise the parties" with respect to conducting a pre-motion conference, MCS's Request for Certificate of Default should be denied.

      For all the reasons set forth in the March 3 pre-motion letter, this action is subject to arbitration and is not even properly before this Court.  The undersigned counsel remains available to participate in a pre-motion conference, if the Court so orders.  Ms. Stone also is prepared to file the proposed motion to compel arbitration if the Court deems the pre-motion conference unnecessary on a mutually agreeable briefing schedule.

                                         Respectfully submitted,

                                         /s/
                                 ANDREW B. BRETTLER

cc:    Rodrigo S. Da Silva, Esq. (*via* ECF)
       Martin D. Singer, Esq.

4013-39\ABB-Mauskopf 031815