

LAW OFFICES OF

Rodrigo S. Da Silva

March 23, 2015

**VIA ECF**

Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     ***MCSquared PR, Inc. v. Sharon Stone, et. al.***
          **Case No. 15-CV-00961-RRM-CLP**

Dear Judge Mauskopf:

  We write as counsel for Plaintiff MCSquared PR, Inc. ("MCS") in the above-referenced action to briefly respond to the letter Sharon Stone's ("Stone") counsel sent to the Court on March 20, 2015. MCS also hereby informs the Court pursuant to the Court's order of March 11, 2015, that based on the latest filings by Stone, MCS will need to conduct discovery prior to the briefing on Stone's anticipated motion to compel arbitration. Specifically, MCS will need to serve discovery on Stone's co-defendant, American Program Bureau, Inc. ("APB") regarding the Revised Speaker Agreement [ECF No. 19-2] (the "RSA") purportedly entered into between MCS and APB as the same appears to contain a forged signature of MCS's Chief Executive Officer, Maria Garay. Further, MCS will need to serve a Request for Production ("RFP") on APB regarding the delivery of the RSA between MCS and APB. Furthermore, MCS will also have to potentially take a Rule 30(b)(6) deposition of APB as well as the deposition of the alleged counter-signatory for APB, Alicia Marchessault (a non-party, former employee of APB). In addition, MCS will likely need to submit an expert report to further support MCS claim that the signature of Maria Garay was forged. Lastly, MCS will have to serve an RFP on Stone regarding all communications regarding any agreements between MCS and APB and APB and Stone.

  On a separate note, Stone and her counsel have improperly suggested that undersigned counsel is "hiding the ball." However, undersigned counsel's review of MCS records only revealed that the only version of the RSA in the possession of MCS only has two pages and those two pages do not contain an arbitration clause. Furthermore, undersigned counsel made multiple requests pre and post suit to APB and Stone for copies of any agreements that would mandate the

1001 BRICKELL BAY DRIVE, 9TH FLOOR
MIAMI, FLORIDA 33131

**TEL:** (305) 615 1434 **FAX:** (305) 615 1435 **CELL:** (917) 613 8799 **WEB:** WWW.RDASILVALAW.COM
**EMAIL:** RODRIGO@RDASILVALAW.COM

Honorable Roslynn R. Mauskopf
March 23, 2015
Page 2 of 2

arbitration of this dispute, and both APB and Stone steadfastly refused to comply by for example claiming that the agreement was confidential.  As such, it is intellectually dishonest to accuse undersigned counsel of "hiding the ball" when the only parties hiding the ball have been Stone and APB.  The Court should also note that Stone and her counsel, in a clear violation of the duty of candor to this tribunal, made a false representation of fact to this Court that "[a]t no time did Ms. Stone agree to support this campaign, advance any other political agenda of the Ecuadorian government or advocate against Chevron" [ECF No. 6:2], yet the alleged contracts filed by Stone last week clearly provide that she was aware that she was being hired by the Secretariat of Communications for the Republic of Ecuador (the actual third party beneficiary of the contract) and that the theme of her appearance was labeled as "The Devastation Big Oil Left Behind in the Ecuadorian Amazon." [ECF Nos. 19-1 and 19-2].

Lastly, MCS respectfully submits that the Court may summarily reject Stone's motion to compel arbitration without any further briefing because even assuming *arguendo* all of the alleged contracts were in fact entered into by MCS, both agreements filed by Stone provide that "collection actions" are carved out from the arbitration clause.  Here, MCS' claims against both Stone and APB are quintessential collection claims as MCS seeks the reimbursement of the $275,000 speaking fee.  Moreover, the court should also note that under both contracts filed by Stone, MCS must be refunded the speaking fee in the event of cancellation and neither APB nor Stone dispute that Stone cancelled at the last possible hour.  Notwithstanding the foregoing, MCS reserves all rights and defenses to be subsequently raised by MCS in its brief in opposition to any motion to compel arbitration or in any appellate brief, if applicable, to be submitted by MCS to the U.S. Court of Appeals for the Second Circuit.

We look forward to discussing this matter further with the Court at the pre-motion conference scheduled for April 9, 2015 at 2:30pm.

Respectfully submitted,

/s/ *Rodrigo S. Da Silva*
Rodrigo S. Da Silva

cc: Counsel of Record (via ECF)

LAW OFFICES OF RODRIGO S. DA SILVA, P.A.